DAKOVICH, A MINOR, APPELLANT, *v.* HENRICH ET AL.,
APPELLEES.

(No. 2266—Decided October 8, 1947.)

*Messrs. Quinn & Quinn,* for appellant.
*Messrs. Burt, Carson, Lynch & Miller,* for appellees.

MONTGOMERY, J. This cause having been submitted to a jury in the Court of Common Pleas, a verdict was returned for defendants. Judgment having been rendered thereon, this appeal was perfected.

Vincent C. Henrich was, and is, the lessee of certain property in the city of Massillon, on the rear of which is located a barn. At the time of the accident suffered by plaintiff he was, and he now is, the owner of two Palamino mares. They were at that time two years old, not broken for riding. He had owned them about nineteen days. During these nineteen days, they had had no exercise except for being led up and down an alley. Prior to their purchase they had spent a part of each day in a pasture field.

In a portion of this barn, he had constructed for them two stalls, known as tie stalls, as distinguished from box stalls. The stalls were side by side, per-

haps twelve feet in length by six or seven feet in width. There was in them a wooden floor, about two inches thick, laid over the cement floor of the barn. The front and outside of the stalls were of wood full length; between them was a wooden partition some four feet high. The rear of the stalls was open, with a chain running across each one, and about four feet from the ground.

On the night in question, July 29, 1944, Henrich was in the barn caring for these colts. The plaintiff, then a child about three and a half years old, asked to see him and the horses. His wife, the appellee, Marie Henrich, took the child into the barn, to the open space in the rear of the stalls. One of the colts, lunging backward, kicked this child in the face, producing a serious temporary injury, at least. There is a direct conflict in the medical evidence as to whether the injury is permanent, further than leaving a scar on the lip.

The amended petition charged that:

"The defendants or either of them were negligent in the following respects, which proximately caused or contributed to cause her injuries, to wit:

"(1) In failing to provide proper protection for persons standing at the rear of said stall where said accident occurred by placing boards or other barrier separating said stall from the rest of the barn.

"(2) In failing to erect barriers to prevent persons from approaching near enough to said stall to be within reach of the colt in said stall, or otherwise warn them not to approach near said stall, when the defendants knew or in the exercise of ordinary care should have known that said colt was untrained and nervous and would be apt to kick without any apparent provocation.

"(3) In failing to personally hold the plaintiff or

otherwise prevent her from approaching within range of the kicking colt, although the defendants knew that plaintiff was a child of the tender age of three years and three months and not cognizant of the habit of said type of animal to kick when approached from the rear, whereas the defendants knew that said colt was untrained and was in the habit of kicking under similar situations and conditions.''

But at the conclusion of the evidence, the trial court, properly, because of a failure of any evidence to sustain it, withdrew from the consideration of the jury the clause in the third charge of negligence that ''the defendants knew that said colt was untrained and was in the habit of kicking under similar situations and conditions.''

The answer admitted that this child was struck by the hoof of the mare and sustained some injury. It denied any negligence and denied that the mare was of a vicious nature or apt to kick without provocation.

Errors are assigned: That the verdict is manifestly against the weight of the evidence; that the court erred in its general charge and in its refusal to give a special request to charge; and that there was error in the admission and exclusion of evidence.

As to the evidence, suffice it to say that we cannot find any prejudicial error in admission or exclusion of it. There was no error in the charge so far as it is directed toward Vincent Henrich.

The verdict is not manifestly against the weight of the evidence as to either of the appellees, and as to Vincent Henrich, we fail to see how it could have been different. There is nothing to indicate faulty construction of the stalls, although horsemen generally prefer box stalls for the good of the horses in the matter of exercise. There is nothing to indicate that this defendant had any knowledge of vicious acts or

vicious propensities on the part of this animal. He did not know that his wife and the child were in the barn until he heard the child scream.

As we have stated, the verdict is not manifestly against the weight of the evidence so far as Marie Henrich is concerned. But her status is different from that of her husband's. We have heretofore quoted the specifications of negligence set forth in the amended petition, and it will be noted that there was a sort of a pleading in the alternative, "the defendants or either of them." In the course of oral argument we propounded to counsel for the appellees this proposition: That, conceding, for the sake of argument, that there was no partnership or joint enterprise upon the part of these defendants, the liability of Vincent Henrich, if any, lay in his failure properly to maintain these premises for the reasonable protection of an invitee. That, so far as the defendant Marie Henrich is concerned, the negligence, if any, chargeable to her was in the failure to use proper care in conducting this young child into this stable in such proximity to these horses. To these two propositions counsel acquiesced. What was our first impression, as then propounded, has, from a study of the record, become a confirmed conviction. And while there might not be any adequate proof of negligence on the part of Vincent Henrich so far as the duty imposed upon him is concerned, a different situation would hold as to his wife.

The contention was made below that these parties were partners or engaged in a joint enterprise. The record shows conclusively that such was not the fact.

However, the trial court charged specifically that, in order to hold Marie Henrich liable, the jury must find her engaged in a joint enterprise with her husband. In fact, he stated: "If you find that Marie Henrich was not engaged in a partnership or joint enter-

prise in the operation of this stable you will not proceed against her any further, and your verdict so far as Marie Henrich is concerned, shall be in favor of Marie Henrich and you will not consider her as a defendant in determining the remaining issues.''

This seems to us to have been clearly erroneous and possibly prejudicially erroneous. While the case was not strong against her, and the jury might have brought in a verdict upon her behalf, even though properly charged, yet there was sufficient evidence to go to the jury under proper instructions as to whether she exercised due care in taking this child into the barn and within the proximity of these horses. She knew, or ought to have known, being interested in horses, that it is essential, when coming within reach of one of them, to speak so that the presence of the speaker will be known, that horses, particularly young, spirited horses, become excited over people approaching without warning, and especially over the sudden appearance of a child or children.

The court in charging this matter of joint enterprise overlooked or ignored completely this specification of negligence directed toward Mrs. Henrich alone. And when, at the conclusion of the general charge, counsel for plaintiff asked that there be given a charge showing the degree of care owed to a child of tender years, that request was refused. The jury should have been so charged. See 38 American Jurisprudence, 892, 893, Section 207.

For errors in the charge, as indicated, and for these reasons alone, the judgment in favor of Marie Henrich must be, and it is, reversed, and the judgment in favor of Vincent Henrich is affirmed.

*Judgment reversed in part and affirmed in part.*

PUTNAM, P. J., and McCLINTOCK, J., concur.